UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE JAMES DICKENS,<br><br>      Plaintiff,<br><br>v.<br><br>TOM ROY, MICHELLE SMITH, NANETTE LARSON, JOHN AGRIMSON, SARA HARD, CHARLOTTE MOORE, CHERYL COLE, LORI ADAMS, LUKE DEHAAN, RAE FIELDS, STANLEY QUANBEC, STEPHEN CRANE, and MINNESOTA DEPARTMENT OF CORRECTIONS, POLICY & PROCEDURES STILLWATER, et al.,<br><br>      Defendants. | Civil No. 12-1567 (PJS/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.)[1] The Court previously examined Plaintiff's submissions, and determined that his complaint was inadequate. Therefore, in an order dated August 27, 2012, (Docket No. 13), the Court informed Plaintiff that his IFP application would "not be granted at this time." That order gave Plaintiff an opportunity to file an amended complaint, and expressly advised him that if he did not file a new pleading by September 28, 2012, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1] When Plaintiff commenced this action, he was incarcerated in a Minnesota state prison. Therefore, the Court previously ordered Plaintiff to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1). (See Order dated June 29, 2012, [Docket No. 7].) However, Plaintiff was later released from prison, and the Court then set aside the initial partial filing fee requirement. (See Order dated August 27, 2012, [Docket No. 13], p. 1, fn. 1.) Thus, for present purposes, Plaintiff is treated as a NON-prisoner IFP applicant.

The deadline for filing an amended complaint has now expired. To date, however, Plaintiff has not complied with the Court's prior order, nor has he offered any excuse for his failure to do so. Therefore, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's IFP application, as well as his pending motions for appointment of counsel and production of documents, (Docket Nos. 3 and 4), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**;

3. Plaintiff's motion for production of documents, (Docket No. 4), be **DENIED**; and

4. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 10, 2012

        s/ *Franklin L. Noel*
        FRANKLIN L. NOEL
        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 24, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.